UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID KEITH,

                              Plaintiff,

    v.                                                  No. 5:25-CV-758

CARLOS ROMAIN,                                (AMN/PJE)

                              Defendant.

---

**APPEARANCES:**

David Keith
416 Stinard Avenue
Syracuse, New York 13207
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

### I. **In Forma Pauperis**

Plaintiff pro se David Keith ("plaintiff") commenced this action on June 13, 2025, by filing a complaint.[2] *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(d).
[2] Plaintiff has filed four other actions with this Court. *See Keith v. City of Syracuse, et al.*, 5:00-CV-0053 (FJS/GS) (terminated Nov. 14, 2001); *Keith v. Mahar, et al.*, 5:24-CV-1244 (BKS/MJK) (terminated Apr. 2, 2025); *Keith v. Mahar, et al.*, 5:24-CV-1391 (BKS/MJK) (currently active); *Keith v. Romain*, 5:25-CV-0747 (AMN/PJE) (currently active).

financially qualifies to proceed IFP.[3]  Pursuant to this review, this Court must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.[4]

## II. Initial Review Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

---

[3] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[4] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted). Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6] Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being

---

[5] Hereinafter, "Fed. R. Civ. P."
[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

> Further, Rule 10 provides in pertinent part that:
>
> > [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in

which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

### III. Discussion

#### A. Plaintiff's Complaint[7]

Plaintiff states that his Fourth Amendment rights have been violated. *See* Dkt. No. 1 at 3. Plaintiff's complaint is based on the following events. On June 13, 2023, at 12:36 P.M., plaintiff was in front of Syracuse City Hall – which he provides as located at 233 East Washington Street, Syracuse – speaking with City Councilman Chol Majok. *See id*. at 2. While speaking with Councilman Majok, Sergeant Romain "approached" and threatened plaintiff that if he did not leave, he would be arrested for trespassing. *Id.*; *see* Dkt. No. 1-1. Plaintiff seeks $30,000 in damages and an order directing Sergeant Romain to "be retrained on the United States Constitution." *Id*. at 4.

#### B. Analysis[8]

Liberally construing plaintiff's complaint, plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against Carlos Romain ("Romain") for allegedly violating his Fourth Amendment right against unlawful seizure and First Amendment right to freedom of assembly. *See generally* Dkt. No. 1; *see also Triestman*, 470 F.3d at 475 ("This policy of

---

[7] Plaintiff included one attachment with his complaint. *See* Dkt. No. 1-1. This attachment has also been reviewed in connection with the initial review of plaintiff's complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

[8] Plaintiff's civil cover sheet checks the box indicating "U.S. Government" as the basis of jurisdiction. *See* Dkt. No. 1-1. However, the United States Government is not named as a defendant in this action. *See generally* Dkt. No. 1. Reading plaintiff's complaint liberally and affording him due solicitude, it appears plaintiff likely intended to mean that his claims involve federal question jurisdiction. *See Cinotti v. Adelman*, 709 F. App'x 39, 40 (2d Cir. 2017) (summary order) ("[A]lthough [the plaintiff's] pro se complaint does not refer to 42 U.S.C. § 1983, the district court should have construed it liberally as asserting § 1983 claims, which provide a basis for federal question jurisdiction.").

liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  More specifically, plaintiff alleges that Romain violated his Fourth Amendment right against unlawful seizure when Romain threatened to arrest him for speaking with Councilman Majok and trespassing, despite 233 East Washington Street being "an area [he was] legally allowed to be."  *Id*. at 2-3.

### 1. **Fed. R. Civ. P. 8**

As a threshold matter, plaintiff's complaint fails to satisfy the pleading requirements of Rule 8.  *See* FED. R. CIV. P. 8(a).  Plaintiff's complaint does not provide "a short and plain statement of the claim showing" why he is entitled to relief.  *Id*.  Plaintiff's complaint alleges that Romain unlawfully threatened to arrest him if he did not leave the premises at 233 East Washington Street in violation of his Fourth Amendment right against unlawful seizure.  *See* Dkt. No. 1 at 2-3.  Yet, plaintiff has not alleged enough to assert that he was actually detained within the meaning of the Fourth Amendment.[9]  Plaintiff does not describe the events immediately preceding Romain's alleged threat or his interactions with Romain before, during, or after he was threatened.  *See id*.  Plaintiff does not provide any details or context explaining the facts and circumstances surrounding the nature of the alleged threat, including, but not limited to, the manner in which he was threatened, the words Romain used to threaten him, or Romain's actions after he threatened plaintiff.  Without this information, plaintiff's complaint does not provide "fair notice of the claim[s]

---

[9] The undersigned discusses this in greater detail below.  *See infra* at 7-9.

6

being asserted" against defendants such that they would have an adequate opportunity to file an answer and "prepare an adequate defense." *Flores*, 189 F.R.D. at 55; FED. R. CIV. P. 8(a)(2). Therefore, the undersigned recommends that plaintiff's complaint, insofar as it raises a claim alleging that Romain violated his Fourth Amendment right against unlawful seizure, be dismissed without prejudice and with leave to amend for failure to satisfy Rule 8's pleading requirements. *See Salahuddin*, 861 F.2d at 42; FED. R. CIV. P. 8(a)(2).

### 2. Fourth Amendment Seizure

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. amend. IV. "The Fourth Amendment prohibits 'police seizures of persons for custodial interrogation-even brief detentions falling short of arrest-without probable cause.'" *Clarke v. Cnty. of Broome*, No. 1:10-CV-399 MAD/ATB, 2012 WL 1005086, at *6 (N.D.N.Y. Mar. 23, 2012) (quoting *Cerrone v. Brown,* 246 F.3d 194, 199 (2d Cir.2001)). "The protections of the Fourth Amendment are limited to rights violated through unreasonable searches and seizures." *Id*. (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 844 (1998)). "[E]ven unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure . . . or . . . a search." *Id*. (quoting *Dick v. Gainer,* 1998 WL 894649, at *2 (7th Cir.1998)).

"In order for a seizure to occur, the subject must 'yield' to the assertion of authority over him and thereby have his liberty restrained." *Clarke*, 2012 WL 1005086, at *6 (quoting *Britton v. Maloney,* 196 F.3d 24, 30 (1st Cir.1999) (citing *California v. Hodari D.,* 499 U.S. 621, 626 (1991))). "If there is a show of authority without use of physical force,

there can be no seizure unless there is also 'actual submission' to the show of authority." *Id*. (quoting *Hodari D.,* 499 U.S. at 626 n. 2). "To determine whether an encounter constitutes a seizure, 'a court must consider the totality of the circumstances and ascertain whether the police conduct would have communicated to a reasonable person that she was free to terminate the encounter.'" *Id*. (quoting *Saenz v. Lucas,* No. 07 CIV. 10534 (WCC), 2008 WL 2735867, at *3 (S.D.N.Y. July 9, 2008) (citing *inter alia U.S. v. Glover,* 957 F.2d 1004, 1008 (2d Cir.1992)). The Second Circuit has noted that the

> [f]actors suggesting that a seizure has occurred include: the threatening presence of police officers; the display of a weapon; physical contact by the officer; language indicating that compliance with the officer is compulsory; prolonged retention of a person's belongings; and a request by an officer to accompany him or her to the police station or a police room.

*Id*. (citing *Gardiner v. Inc. Vill. of Endicott,* 50 F.3d 151, 155 (2d Cir.1995).

"While a seizure may occur regardless of whether the plaintiff was actually taken into custody . . . the mere threat of an arrest, without more, does not give rise to a seizure under the Fourth Amendment." *Clarke*, 2012 WL 1005086, at *7 (citing *Bodek v. Bunis*, No. 06-CV-6022L (DGL), 2007 WL 1526423, at *9 (W.D.N.Y. May 23, 2007)). "In situations involving the threat of an arrest, '[t]he crucial test if whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Id*. (quoting *Bodek*, 2007 WL 1526423, at *9) (citing *Florida v. Bostick,* 501 U.S. 429, 437 (1991) ("In cases where the in the plaintiff's freedom of movement is restricted by a factor independent of police conduct, the appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or

8

otherwise terminate the encounter.")));  *see also U.S. v. Lee,* 916 F.2d 814, 819 (2d Cir. 1980).

Here, as discussed above, plaintiff states only that on June 13, 2023, Romain told him he would be arrested for trespassing if he did not leave the area in front of 233 East Washington Street.  *See supra* at 5; Dkt. No. 1 at 2-3; Dkt. No. 1-1.  Plaintiff has not provided any detail regarding his interactions with Romain or Romain's purported threat.  More specifically, plaintiff has not alleged whether (1) Romain's presence was threatening, (2) Romain displayed a weapon, (3) there was any physical contact with Romain, or (4) Romain retained any of his belongings.  *See Clarke*, 2012 WL 1005086, at *6 (citing *Gardiner,* 50 F.3d at 155).  Therefore, the undersigned concludes that plaintiff has not demonstrated that he was unlawfully seized or that Romain's alleged threat to arrest plaintiff for trespassing constituted an unreasonable seizure that violated plaintiff's Fourth Amendment rights.  *See id*. at *7.  Accordingly, the undersigned recommends that plaintiff's Fourth Amendment claim against Romain in his individual capacity be dismissed without prejudice and with leave to amend.  *See id*. at *6-7.

### 3. **First Amendment Right of Assembly**

Reading plaintiff's complaint liberally and affording him due solicitude, by contending that he was in an "area [he was] legally allowed to be,"  Compl. at 2-3, and Romain told him to leave or be arrested for trespassing, plaintiff may be arguing that Romain violated his First Amendment right of assembly and his ability to congregate "in front of" Syracuse City Hall at 233 East Washington Street.  Dkt. No. 1 at 2-3.

"The First Amendment prohibits the government from 'abridging the freedom of speech, or of the press,' and guarantees 'the right of the people to peaceably assemble.'"

9

*Foote v. Bd. of Educ. of Whitehall Cent. Sch. Dist.*, No. 1:22-CV-0815 (GTS/CFH), 2024 WL 3376651, at *17 (N.D.N.Y. July 11, 2024) (quoting *Johnson v. Perry*, 859 F.3d 156, 171 (2d Cir. 2017) (quoting U.S. Const. Amend. 1.)). "Generally, government officials may stop or disperse public demonstrations or protests where *clear and present danger* of riot, disorder, interference with traffic upon the public streets, or *other immediate threat to public safety, peace, or order*, appears." *Id*. (quoting *Johnson*, 859 F.3d at 171 (quoting *Papineau v. Parmley*, 465 F.3d 46, 56-57 (2d Cir. 2006))) (internal quotation marks omitted). "The First and Fourteenth Amendments do not permit [the government] to make criminal the exercise of the right of assembly simply because its exercise may be 'annoying' to some people." *Frierson v. Reinisch*, No. 1:17-CV-44 (MAD/CFH), 2021 WL 4405911, at *3 (N.D.N.Y. Sept. 27, 2021), *aff'd sub nom. Frierson v. Troy City Sch. Dist.*, No. 21-2555-CV, 2023 WL 4441980 (2d Cir. July 11, 2023) (quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 615 (1971)). "However, nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities." *Foote*, 2024 WL 3376651, at *17 (quoting *Johnson*, 859 F.3d at 171 (quoting *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788, 799-800, (1985) (internal quotation marks omitted))).

"Where there is no clear and present danger, speech restrictions imposed on [persons on] government-owned property are analyzed under a forum-based approach." *Id*. (internal quotation marks and additional citations omitted). *Foote*, 2024 WL 3376651, at *17. Under the forum-based approach, "the level of scrutiny to which the restriction is subjected depends on how the property is categorized as a forum for speech." *Frierson*,

2021 WL 4405911, at *4 (quoting *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 880 F. Supp. 2d 456, 469 (S.D.N.Y. 2012)). "In the Second Circuit, there are four classifications of government property: (1) traditional public fora, (2) designated public fora, (3) limited public fora, and (4) nonpublic fora." *Id*. (citing *R.O. ex rel. Ochshorn v. Ithaca City Sch. Dist.*, 645 F.3d 533, 539 (2d Cir. 2011)). "Once the court determines the forum, it 'then applies the requisite standards for that forum to the challenged speech restriction.'" *Id*. (quoting *Am. Freedom Def. Initiative*, 880 F. Supp. 2d at 469).

Here, plaintiff claims that he was speaking to Councilman Chol Mok in front of Syracuse City Hall when Romain threatened to arrest him for trespassing. *See* Dkt. No. 1 at 2-3; Dkt. No. 1-1. However, plaintiff does not describe the area in front of Syracuse City Hall where the conversation with Councilman Chol Mok took place or the nature and substance of conversation itself. In its current form, plaintiff's complaint is unclear at best as to where he was standing during his conversation with Councilman Chol Mok, what was discussed during the conversation, or why Romain removed him from the area in front of Syracuse City Hall. *See generally* Dkt. No. 1. Without this additional information, judicial review is frustrated, and the undersigned is unable to evaluate what classification of forum the area "in front of City Hall" consists of and, in turn, what level of scrutiny, if any, plaintiff's speech was entitled to, or if Romain's directive to leave the area in front of Syracuse City Hall violated plaintiff's First Amendment right of assembly. *Foote*, 2024 WL 3376651, at *17; *Frierson*, 2021 WL 4405911, at *4. Accordingly, the undersigned recommends that insofar as plaintiff's complaint could be interpreted as raising a claim against Romain in his individual capacity alleging a violation of his First Amendment right of assembly, such claim be dismissed without prejudice and with leave to amend.

4. *Monell*

Plaintiff's complaint does not name or specify the entity or organization that Romain worked for on June 13, 2025. *See generally* Dkt. No. 1. Plaintiff's only references to Romain's employment are that Romain is a "Sergeant," and his address is listed as "511 S. State Street, Syracuse, New York, 13202." Dkt. No. 1 at 1. The 511 South State Street address is an address listed for the Syracuse Police Department.[10] Affording plaintiff due solicitude plaintiff is stating that Romain is a sergeant with the City of Syracuse Police Department. *See id*. at 1-3. To the extent that plaintiff seeks to proceed against Romain in his official capacity as a sergeant with the Syracuse Police Department, plaintiff can only proceed with section 1983 claims pursuant to *Monell*.

"Municipalities may be sued directly under [Section] 1983" pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) "for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell*, 436 U.S. at 690-91). "To set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead that a deprivation of his constitutional rights was 'caused by a governmental custom, policy, or usage of the municipality.'" *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023) (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690-91)). "Municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right; it 'may not be held liable on a theory of respondeat superior.'" *Id*.

---

[10] SYRACUSE, NEW YORK, "Police- Contact Information" https://www.syr.gov/Departments/Police/Shared-Content-Police/Police-Contact-Information (last visited Jan. 20, 2026).

(quoting *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000)).  An "official policy or custom" can be pleaded as follows:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

*Id.* (quoting *Dorsett-Felicelli, Inc. v. Cty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005)) (internal citations omitted); *see also Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (explaining that, to state an official policy claim under *Monell*, the plaintiff "must do more than simply state that a municipal policy . . . exists"); *Coleman v. Cnty. of Suffolk*, 685 F. App'x 69, 72 (2d Cir. 2017) (summary order) ("Where . . . the conduct of individual defendant officers does not violate the plaintiff's constitutional rights, the municipality is generally not liable for a policy or practice pursuant to which the conduct was performed."); *Fleming v. City of New York*, No. 18-CV-4866 (GBD/JW), 2023 WL 1861223, at *1 (S.D.N.Y. Feb. 9, 2023) (noting that, in some situations, a municipality may be held liable under *Monell* even if a plaintiff is unable to establish liability against individual defendants).

Under *Monell*, the proper defendant is the municipality itself, and a claim may only proceed against a municipality within the limited confines of *Monell*.  *See Batista*, 702 F.2d at 397 (citing *Monell*, 436 U.S. at 690-91).  Here, plaintiff has not pled that his constitutional rights were violated due to an official City of Syracuse policy, a persistent and widespread custom or practice, failure to train or supervise, or because a policy-making official's deliberate conduct deprived him of a constitutional right.  *See Dougal*,

2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194); *see also Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020).  Instead, he summarily concludes that Romain violated his rights by telling him to leave the area in front of Syracuse City Hall and threatening to arrest him for trespassing.  Dkt. No. 1 at 2-3.  However, as discussed above, "a municipality may not be held liable under 1983 'solely because it employs a tortfeasor.'"  *Mulqueen v. Herkimer Cnty. Child Protective Servs.*, No. 6:22-CV1-301 (TJM/ATB), 2023 WL 4931679, at *6 (N.D.N.Y. Aug. 2, 2023), *report and recommendation adopted*, No. 6:22-CV-1301 (BKS/MJK), 2024 WL 756833 (N.D.N.Y. Feb. 23, 2024) (citing *Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)); *Dougal*, 2023 WL 6430586, at *10 (quoting *Jeffes*, 208 F.3d at 56).

Therefore, it is further recommended that to the extent plaintiff raises a claim against the City of Syracuse such a claim be dismissed for failure to sufficiently plead a *Monell* claim.  *See id*. (quoting *Monell*, 436 U.S. at 691 n. 55); *Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194).  Accordingly, as it is possible that plaintiff may potentially be able to amend his complaint to plead that his constitutional rights were violated due to an official City of Syracuse policy, persistent and widespread custom or practice, a failure to train or supervise, or because a policy-making official's deliberate conduct deprived him of constitutional rights, the undersigned recommends that plaintiff's claim against the City of Syracuse, be dismissed without prejudice and with leave to renew.

6. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, plaintiff's Fourth Amendment unlawful seizure and First Amendment right of assembly claims against Romain in his individual capacity may potentially be cured by a better pleading. Similarly, it is possible that plaintiff could amend to plead a *Monell* claim. Accordingly, it is recommended that insofar as plaintiff seeks to proceed against the City of Syracuse or against Romain in his individual capacity for violating his Fourth Amendment and First Amendment rights, such claims be dismissed without prejudice and with leave to amend.[11]

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

---

[11] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and plaintiff is permitted to file an amended complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference and may not attempt to replead claims that have already been dismissed by this Court with prejudice. Any amended pleading supersedes and replaces a prior pleading in its entirety. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for whom leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty days from the filing date of the District Judge's Order adopting this Report-Recommendation and Order to file an amended complaint, and if the plaintiff does not so file pursuant to that Decision & Order, the action may be closed without need for further order of the Court, and if plaintiff does so file, the amended complaint be noticed for substantive sufficiency review pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[12]

Dated: January 21, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[12] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).