**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID KEITH,

                        Plaintiff,

        v.                                                    5:25-cv-00758 (AMN/PJE)


CARLOS ROMAIN,

                        Defendant.

---

**APPEARANCES:**                                     **OF COUNSEL:**

**DAVID KEITH**
416 Stinard Avenue
Syracuse, New York 13207
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.      INTRODUCTION**

On June 13, 2025, Plaintiff *pro se* David Keith, commenced this action and asserted

violations of his Fourth Amendment right against unlawful seizure and First Amendment right to

freedom of assembly pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sergeant Carlos

Romain.  *See* Dkt. No. 1 ("Complaint").  Plaintiff did not pay the filing fee and sought leave to

proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.

This matter was referred to United States Magistrate Judge Paul Evangelista, who reviewed

the Complaint pursuant to 28 U.S.C. § 1915(e), and on January 21, 2026, granted Plaintiff's motion

for leave to proceed IFP and recommended that Plaintiff's Complaint be dismissed with leave to

amend.  *See* Dkt. No. 5 at 15-16 ("Report-Recommendation").[1]  Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id*. at 16.  No party has filed objections, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id*. at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Plaintiff alleges that on June 13, 2023, Defendant approached Plaintiff while he was speaking with City Councilman Chol Majok in front of Syracuse City Hall. Dkt. No. 1 at 2. Plaintiff further alleges that Defendant threatened Plaintiff by warning him that if he did not leave the area in front of Syracuse City Hall, he would be arrested for trespassing. *Id.*

First, Magistrate Judge Evangelista recommended that Plaintiff's Fourth Amendment claim be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 5 at 6-7. Rule 8 requires a pleading to contain, *inter alia*, "'a short and plain statement of the claim showing' why [Plaintiff] is entitled to relief." *Id.* at 6 (quoting Fed. R. Civ. P. 8(a)). Here, Magistrate Judge Evangelista found that Plaintiff did not provide enough detail or context

3

to adequately allege that Defendant violated his Fourth Amendment right against unlawful seizure, such as the circumstances surrounding the nature of Defendant's alleged threat, details regarding the manner in which Plaintiff was threatened, or a description of the events immediately preceding Defendant's alleged threat. *Id.* at 6-7.

Second, Magistrate Judge Evangelista recommended that Plaintiff's Fourth Amendment claim be dismissed without prejudice because Plaintiff had not plausibly alleged that he was unlawfully seized or that Defendant's alleged threat to arrest Plaintiff for trespassing constituted an unreasonable seizure in violation of Plaintiff's Fourth Amendment rights. *See id.* at 7-9 (citing, *inter alia*, *Clarke v. Cnty. of Broome*, No. 10-cv-399, 2012 WL 1005086, at *6-7 (N.D.N.Y. Mar. 23, 2012) (noting that "the mere threat of an arrest, without more, does not give rise to a seizure under the Fourth Amendment"). Magistrate Judge Evangelista found that Plaintiff had not alleged whether Defendant's presence was threatening, whether there was any physical contact with Defendant, whether Defendant displayed a weapon, or whether Defendant retained any of Plaintiff's personal belongings. *Id.* at 9.

Third, Magistrate Judge Evangelista recommended that Plaintiff's First Amendment claim alleging a violation of the right to freedom of assembly against Defendant in his individual capacity be dismissed without prejudice and with leave to amend. *See id.* at 9-11. Magistrate Judge Evangelista explained that "[w]here there is no clear and present danger, speech restrictions imposed on persons on government-owned property are analyzed under a forum-based approach" and pursuant to such approach, "the level of scrutiny to which the restriction is subjected depends on how the property is categorized as a forum for speech." *Id.* at 10-11 (quoting *Foote v. Bd. of Educ. of Whitehall Cent. Sch. Dist.*, No. 22-cv-815, 2024 WL 3376651, at *17 (N.D.N.Y. July 11, 2024); *Frierson v. Reinisch*, No. 17-cv-44, 2021 WL 4405911, at *4 (N.D.N.Y. Sept. 27, 2021)

4

(internal quotation marks and alterations omitted), *aff'd sub nom. Frierson v. Troy City Sch. Dist.*, 2023 WL 4441980 (2d Cir. July 11, 2023)).  Magistrate Judge Evangelista further explained that "[o]nce the court determines the forum, it then applies the requisite standards for that forum to the challenged speech restriction."  *Id.* at 11 (quoting *Frierson*, 2021 WL 4405911, at *4).  Here, Magistrate Judge Evangelista was unable to classify the forum at issue, and in turn, the level of scrutiny to which Plaintiff's speech was entitled, based on Plaintiff's allegations in the Complaint.  *See id.* (noting that Plaintiff did not describe the area in front of Syracuse City Hall where his conversation with Councilman Chol Majok took place or the nature and substance of his conversation).

Fourth, to the extent that Plaintiff raises a claim against Defendant in his official capacity as a sergeant with the Syracuse Police Department, or against the City of Syracuse, Magistrate Judge Evangelista recommended that such claim be dismissed without prejudice because Plaintiff did not sufficiently allege that "his constitutional rights were violated due to an official City of Syracuse policy, a persistent and widespread custom or practice, failure to train or supervise, or because a policy-making official's deliberate conduct deprived him of a constitutional right."  *Id.* at 12-14 (citing, *inter alia*, *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Dougal v. Lewicki*, No. 23-cv-1167, 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023)).

Lastly, Magistrate Judge Evangelista recommended that Plaintiff be granted an opportunity to amend his Complaint to state a valid claim for relief.  *See id.* at 15 (citing, *inter alia*, *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (noting that courts should not dismiss a *pro se* complaint "without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated")).

Having reviewed the Report-Recommendation and considered Magistrate Judge

Evangelista's findings as to each claim, the Court finds no clear error in the Report-Recommendation.  Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 4, 2026
       Albany, New York

Anne M. Nardacci
U.S. District Judge

6